UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JAMES K. FIRTH, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 4:09-CV-13-RLM-APR |
| | ) |
| HOME DESIGN PRODUCTS, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the court on defendant Home Design Products' motion to transfer this case to the Southern District of Indiana pursuant to 28 U.S.C. § 1406(a) and the exclusive venue provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3). For the following reasons, the court grants the defendant's motion [Doc. No. 10], and transfers this case to the Southern District of Indiana.

James Firth worked for Home Design Products in its Alexandria, Indiana manufacturing plant. On February 13, 2009, after Home Design Products terminated his employment, Mr. Firth filed suit alleging sexual harassment and a hostile work environment in violation of Title VII, 42 U.S.C. §2000e-5.

On July 17, Home Design Products filed this motion to transfer venue to the Southern District of Indiana. In support of its motion, Home Design Products says its principal place of business, relevant documents, employees/witnesses, and manufacturing facility (where the alleged acts took place) all are located in the Southern District of Indiana. Mr. Firth is proceeding *pro se* in this case, and

hasn't filed any response to Home Design Products' motion.

ANALYSIS

Title VII's exclusive venue provision provides that suits may be filed in the judicial district where: (1) the unlawful employment practice took place, (2) the employment records relevant to such practice are maintained, or (3) the aggrieved person would have worked but for the alleged unlawful practice. 42 U.S.C. § 2000e-5(f)(3). If no such district exists, the action may be filed in the district in which the respondent has its principal place of business. Id.

District courts in this circuit have held that Title VII's venue provision is "is not simply a supplement to 28 U.S.C. § 1391; it is the exclusive venue provision for all Title VII discrimination actions." Thomas v. Exxon Mobil Oil Corp., 2007 WL 489225, at *4 (N.D. Ind. Feb. 8, 2007). See also Rogers v. Wisconsin Dep't. of Corr., 2008 WL 794570, at *2 (E.D. Wis. Mar. 20, 2008) ("Section 5(f)(3) is the exclusive venue provision for all Title VII discrimination actions."); Strategic Mgmt. Harmony, LLC v. Enhanced Bus. Reporting Consortium, Inc., 2007 WL 2316484, at *5 (S.D. Ind. Aug. 10, 2007) ("This venue provision is the exclusive venue provision for Title VII, the general venue provisions of 28 U.S.C. § 1391 is inapplicable.").

The court assumes Mr. Firth filed his case in this district because he lives here. Under Title VII's exclusive venue provision, however, a plaintiff's place of residence is "irrelevant." Thomas v. Exxon Mobil, 2007 WL 489225, at *5. Section

5(f)(3) focuses instead on various aspects of the defendant's location, including where its relevant records are kept and where the alleged wrong-doing took place.

In support of its position that the northern district isn't the proper venue for Mr. Firth's claims, Home Design Products submitted Human Resources Director Mike Aldridge's affidavit. Mr. Aldridge confirms that the alleged acts took place in Alexandra, Indiana, and that all documents and decision-makers relevant to Mr. Firth's claims are located in Alexandra or Anderson, Indiana—both cities are located in the southern district. Since the alleged acts didn't occur in the northern district and Mr. Firth's employment records aren't maintained here, the northern district doesn't meet any of the criteria listed under section 5(f)(3). This court isn't a proper venue for Mr. Firth's Title VII claims.

Under 28 U.S.C. § 1406(a), district courts are empowered to transfer cases in which venue is improper to any district or division in which the case could have been brought. 28 U.S.C. § 1406(a) (stating "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought"). According to the information contained in Mr. Aldridge's uncontested affidavit, and pursuant to Title VII's exclusive venue provision, the Indianapolis Division of the Southern District of Indiana is the only venue where Mr. Firth could have, and should have, brought his claims. Transfer to the southern district is appropriate. Id.

For the foregoing reasons, the court GRANTS defendant Home Design

Products' motion under 28 U.S.C. § 1406 [Doc. No. 10], and ORDERS this cause transferred to the Southern District of Indiana, Indianapolis Division.

SO ORDERED.

ENTERED:     September 28, 2009

                                                 /s/ Robert L. Miller, Jr.
                                            Chief Judge
                                            United States District Court